# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN STRAASS, et al.,<br><br>          Plaintiffs,<br>vs.<br>JUDITH HAYES, et al.,<br><br>          Defendants. | CASE NO. 15cv1813-LAB (JMA)<br><br>**ORDER OF DISMISSAL** |

Karen and Mark Straass sue four judges involved with their unsuccessful state court action. (Docket no. 1 at ¶ 7.) The state court entered summary judgment against them, the appellate court affirmed, and the California Supreme Court denied their petition for review. (*Id.*) In this lawsuit, the Straasses allege that the judges involved with their state court action violated their due process rights. (*Id.* at ¶ 8.)

**I.     *Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, a party who loses in state court is barred from seeking what is essentially appellate review of the state court judgment in federal court based on the losing party's claim that the state judgment itself violated his federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983). A claim is "inextricably intertwined" if it "succeeds

only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987).

"*Rooker-Feldman* concerns a district court's subject-matter jurisdiction," *Lance v. Coffman*, 549 U.S. 437, 439 n.1 (2007) and courts have an "independent obligation" to determine whether subject matter jurisdiction exists, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Because this lawsuit challenges the state courts' rulings in the Straasses' state court case, the cases are inextricably intertwined. This action is dismissed under *Rooker-Feldman*.

## II. Fourteenth Amendment

The Straasses' claim that this Court has jurisdiction because the state judges' alleged judicial error denied them due process under the Fourteenth Amendment of the United States Constitution. (Docket no. 1 at ¶ 8.) The Straasses essentially claim negligence by the defendants. But, "the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998) (internal quotation marks omitted). And "the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." *Id.* Thus, there's no liability under the Fourteenth Amendment.

## III. Absolute Judicial Immunity

Judges are entitled to absolute immunity "from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankr.Court for the Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987). Judicial immunity is an absolute immunity from suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Absolute judicial immunity applies not only to suits for damages, but also "to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir.1996). Absolute judicial immunity "insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives . . . or when the exercise of judicial authority is flawed by the commission of grave procedural errors." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (as

amended) (internal quotation marks and citations omitted); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (internal quotation marks omitted). A judge is protected if: (1) He performed a "judicial act" and (2) he did not act in "clear absence of jurisdiction." *Moore*, 96 F.3d at 1244. An action taken by a judge in excess of his or her authority "cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

Here, the allegations against the defendants are based solely on their performance as judicial officers in ruling on the Straasses' state court case. Thus, the defendants are entitled to absolute judicial immunity from all of the Straasses' claims against them.

**IV.    Conclusion**

It's clear from the face of the Straasses' complaint that the Court lacks jurisdiction over their case. Thus, this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: August 20, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge